**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MRO Industrial Sales, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Carhart-Halaska International, LLC,<br><br>　　　　　Defendant. | Civil No. _____<br><br><br>**COMPLAINT** |

MRO Industrial Sales, LLC (hereinafter "Plaintiff"), for its Complaint against Defendant Carhart-Halaska International, LLC (hereinafter "Defendant") states and alleges as follows:

## INTRODUCTION

1.　Plaintiff brings this action seeking damages, attorneys' fees and other equitable relief for Defendant's wrongful termination of the parties' sales representative agreement in violation of Minnesota's Sales Representative Act ("MSRA"), Minn. Stat. §325E.37, for breach of contract, and for Defendant's failure to pay commissions due and owing in violation of Minn. Stat. §181.145.

## THE PARTIES, JURISDICTION AND VENUE

2.　Plaintiff is a Minnesota limited liability company with its principal place of business located at 84668 270th Street, Madelia, Minnesota 56062.  Plaintiff has been operating since 2007 and has contracted with Defendant since that time to solicit wholesale orders for Defendant's products in Minnesota and Iowa.  Plaintiff is paid by commission.

3. Upon information and belief, Defendant is a Wisconsin limited liability company with its principal place of business located at 312 Eastwyn Bay Drive, Mequon, Wisconsin 53092. Defendant is a product development and engineering services firm that supplies a variety of products including metal stampings, castings and metal forgings.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 (exclusive of interest and costs) and there is complete diversity between Plaintiff and Defendant.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this judicial district. Defendant entered into a sales representative agreement with Plaintiff in the State of Minnesota. The majority of the sale orders were solicited in Minnesota, and products were shipped to a customer located in Minnesota. Indeed, Plaintiff has only two significant customers, one of which is Terex located in Grand Rapids, Minnesota. Defendant conducts business in the State of Minnesota and its employees frequently travel to Minnesota. Defendant is therefore properly subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

6. Defendant has only two significant customers, Terex located in Grand Rapids, Minnesota and American Hydraulics located in Red Oak, Iowa. Both of these customer accounts were brought to Defendant by Plaintiff. Plaintiff expended considerable time, money and resources "opening the door" introducing Defendant's products to these two customers, and in the last five years, worked diligently to promote Defendant's products and solidify these customer relationships. Defendant has earned millions of dollars in sales

revenue as a result of Plaintiff's work. Since the majority of Defendant's business consists of sales to Terex and American Hydraulics, accounts that Plaintiff placed with Defendant and orders for products that Plaintiff solicited and sold, Defendant would not be in business at all without Plaintiff's hard work these last five years.

7.   The parties have operated on an oral agreement whereby Defendant has paid Plaintiff commissions between of varying percentages depending on the specific product sold, for all orders placed by Terex and American Hydraulics, which commission were due to Plaintiff immediately upon placement of the order by the customer(s) and paid to Plaintiff on a monthly basis.

8.   From January 1, 2012 through June 30, 2012, Plaintiff earned $115,002.60 in commissions, which averages to $19,167.00 per month. Plaintiff's work expended for the first half of 2012 promised to yield similar size orders for the remainder of the year had Defendant not summarily terminated the parties' sales representative agreement without notice or reason and demanded that Plaintiff immediately cease all work on behalf of Defendant. Plaintiff expects that it would have continued to earn a minimum commission of $19,167.00 per month through the end of 2012.

9.   On or about Monday, July 2, 2012, Plaintiff received by mail a letter from Defendant's legal counsel stating that "the Company will no longer be needing your services" and purporting to terminate the parties' oral sales representative agreement "effective immediately". Attached hereto as Exhibit A is a true and correct copy of Defendant's Termination Letter dated June 29, 2012.

10.   The termination letter demanded that:

3

> Effective immediately, MRO Industrial Sales ("MRO") will cease its representation of the Company [Carhart Halaska International, LLC] and all other work on the Company's behalf in all respects. This prohibition specifically includes, but shall not be limited to, MRO's representation of the Company to any former or current clients of the Company, including, but not limited to Terex in Grand Rapids, Minnesota and American Hydraulics in Red Oak, Iowa.

11. The letter further offered Plaintiff $24,000 as a "termination payment" in exchange for a one-year non-compete covenant and a full release of all claims. Plaintiff refused Defendant's termination proposal but complied with Defendant's request that it immediately cease its representation of the Defendant and stop all work on Defendant's behalf.

12. Plaintiff has demanded payment of owed commissions and Defendant has refused to pay despite repeated demands.

## COUNT I

### Violation of Minn. Stat. § 325E.37

13. Plaintiff restates and realleges the foregoing paragraphs.

14. Plaintiff and Defendant entered into a "sales representative agreement," as that term is defined within Minn. Stat. § 325E.37, Minnesota's Sales Representative Act ("MSRA"), under which Plaintiff was granted the right to represent, sell, and offer for sale Defendant's products to customers, including Terex and American Hydraulics, and under which Plaintiff was and is to receive commissions on all sales of Defendant's products to the same.

15. Defendant was and is precluded from terminating the parties' sales representative agreement absent "good cause" to do so, as that term is defined in Subd. 1 of the MSRA.

16. Pursuant to Subd. 3 of the MSRA, Defendant was and is barred from failing to renew the parties' sales representative agreement unless Defendant provides to Plaintiff 180 days advance written notice of its intention not to renew the sales representative agreement.

17. The MSRA provides that a sales representative agreement of indefinite duration, such as the one at issue in this case, shall be treated as if it were for a definite duration expiring 180 days after the giving of written notice of intention not to continue the agreement.

18. At no time has Defendant had "good cause" to terminate the parties' sales representative agreement. Prior to July 2, 2012, Plaintiff was not aware of any problem or issue between Plaintiff and Defendant related to Plaintiff's sales on behalf of Defendant. Nonetheless, on or about July 2, 2012, Defendant purported to terminate the parties' sales representative agreement.

19. The MSRA provides that where a sales representative is paid by commission under a sales representative agreement and the agreement is terminated, the representative is entitled to be paid for all sales as to which the representative would have been entitled to commissions pursuant to the provisions of the sales representative agreement, made prior to the date of termination of the agreement, or the end of the notification period, whichever is later, regardless of whether the goods have been actually shipped, and that such payment of commissions due the sales representative shall be paid in accordance with the terms of the sales representative agreement.

20. As Defendant's unilateral termination of the parties' sales representative agreement was not for good cause, Minnesota law requires that Defendant pay commissions

to Plaintiff on all sales as to which Plaintiff would have been entitled to until the end of the notification period, which in this case, is December 29, 2012 (180-days from Plaintiff's receipt of Defendant's written notice of its intent not to continue the agreement).

21.  Defendant has violated the MSRA by demanding that Plaintiff immediately cease Plaintiff's representation of the Defendant and cease all work on the Defendant's behalf, and by failing to pay commissions to Plaintiff as required by law.

22.  But for Defendant's actions, Plaintiff would have continued to solicit and place orders with customers, including Terex and American Hydraulics and would have been receiving commissions on said orders.

23.  As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered monetary damages, in an amount to be proven at trial, that exceed $75,000.

## COUNT II

### Breach of Contract

24.  Plaintiff restates and realleges the foregoing paragraphs.

25.  Defendant and Plaintiff are parties to a sales representative agreement which requires Defendant to pay Plaintiff's commissions during the term of the agreement. Pursuant to Minnesota law, the term of the parties' agreement does not expire until, at the earliest, 180-days from Plaintiff's receipt of Defendant's notice of its intent not to continue the parties agreement, in this case December 29, 2012.

26.  On or about July 2, 2012, Defendant unilaterally terminated the parties' sales representative agreement in violation of Minnesota law by delivering to Plaintiff a termination letter instructing Plaintiff to "immediately" cease "all work on the Company's [Defendant's] behalf in all respects." Defendant informed Plaintiff that "this prohibition

specifically includes, but shall not be limited to, MRO's representation of the Company to any former or current clients of the Company, including but not limited to, Terex in Grand Rapids, Minnesota and American Hydraulics in Red Oak, Iowa."

27. Defendant materially breached the parties' sales representative agreement by demanding that Plaintiff immediately cease all sale efforts and cease its representation of Defendant to any former or current client of Defendant, including but not limited to Terex and American Hydraulics.

28. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be proven at trial, in excess of $75,000.00.

## COUNT III

### Violation of Minn. Stat. § 181.145

29. Plaintiff restates and realleges the foregoing paragraphs.

30. Plaintiff is a commission salesperson as defined under Minn. Stat. § 181.145.

31. Minn. Stat. § 181.145 provides that a company that terminates a salesperson shall promptly pay the salesperson commissions earned through the last day of work or be liable to the salesperson, in addition to earned commissions, for a statutory penalty.

32. Defendant has not paid Plaintiff for commissions due and owing.

33. As a result, Plaintiff is entitled to receive the unpaid commissions, plus statutory penalties, plus its attorneys' fees in accordance with Minn. Stats. §§ 181.145 and 181.171.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

9141711v1

1. Awarding Plaintiff its reasonable and appropriate damages in an amount greater than $75,000.

2. Awarding Plaintiff all penalties to which it is legally entitled.

3. Awarding Plaintiff its reasonable attorneys' fees incurred herein.

4. Awarding Plaintiff pre- and post-judgment interest, costs and disbursements as permitted by law.

5. Awarding Plaintiff all other appropriate relief the Court deems just and equitable.

JURY DEMAND

Plaintiff requests trial by jury.

Dated:  September 17, 2012

s/Anh Le Kremer
Anh Le Kremer (MN Bar No.0311823)
LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

***Attorneys for Plaintiff MRO Industrial Sales, LLC***