## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

MRO Industrial Sales, LLC,

                  Plaintiff,

vs.

Carhart-Halaska International, LLC,

                  Defendant.

Civil No. 12-CV-2401
Hon. Michael J. Davis

**ANSWER**

---

Defendant, Carhart-Halaska International, LLC ("Defendant"), as and for its answer to the Complaint of plaintiff MRO Industrial Sales, LLC ("Plaintiff"), hereby states and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this action seeking damages, attorneys' fees and other equitable relief for Defendant's wrongful termination of the parties' sales representative agreement in violation of Minnesota's Sales Representative Act ("MSRA"), Minn. Stat. §325E.37, for breach of contract, and for Defendant's failure to pay commissions due and owing in violation of Minn. Stat. §181.145.

ANSWER:  Defendant admits that Plaintiff has asserted claims as described in Paragraph 1, but Defendant denies those claims as set forth in its responses to the remaining allegations in the Complaint.

### THE PARTIES, JURISDICTION AND VENUE

2.    Plaintiff is a Minnesota limited liability company with its principal place of business located at 84668 270th Street, Madelia, Minnesota 56062. Plaintiff has been operating

since 2007 and has contracted with Defendant since that time to solicit wholesale orders for Defendant's products in Minnesota and Iowa.  Plaintiff is paid by commission.

ANSWER:   Defendant admits that it has paid commissions to Plaintiff since approximately 2007 in connection with certain orders for Defendant's products in Minnesota and Iowa.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and therefore denies same.

3.      Upon information and belief, Defendant is a Wisconsin limited liability company with its principal place of business located at 312 Eastwyn Bay Drive, Mequon, Wisconsin 53092.  Defendant is a product development and engineering services firm that supplies a variety of products including metal stampings, castings and metal forgings.

ANSWER:  Defendant admits the allegations in Paragraph 3, except affirmatively alleges that its current address is 10521 N. Port Washington Road, Mequon, Wisconsin 53092.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 (exclusive of interest and costs) and there is complete diversity between Plaintiff and Defendant.

ANSWER:  Defendant admits that there is diversity between Plaintiff and Defendant as alleged in Paragraph 4 and that the amount claimed by Plaintiff exceeds $75,000, but Defendant denies that the amount owed to Plaintiff exceeds $75,000.  Defendant denies the remaining allegations in Paragraph 4.

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this judicial district.  Defendant entered into a sales representative agreement with Plaintiff in the State of Minnesota.  The majority of the sale orders were solicited in Minnesota, and products were shipped to a customer

located in Minnesota. Indeed, Plaintiff has only two significant customers, one of which is Terex located in Grand Rapids, Minnesota. Defendant conducts business in the State of Minnesota and its employees frequently travel to Minnesota. Defendant is therefore properly subject to personal jurisdiction in this District.

ANSWER:  As and for its response to the allegations in Paragraph 5 of the Complaint, Defendant admits that certain sales orders were placed in Minnesota; that certain products were shipped to a customer located in Minnesota; that it has conducted business in the State of Minnesota; and that venue in this Court is proper assuming that the Court otherwise has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6.      Defendant has only two significant customers, Terex located in Grand Rapids, Minnesota and American Hydraulics located in Red Oak, Iowa. Both of these customer accounts were brought to Defendant by Plaintiff.  Plaintiff expended considerable time, money and resources "opening the door" introducing Defendant's products to these two customers, and in the last five years, worked diligently to promote Defendant's products and solidify these customer relationships. Defendant has earned millions of dollars in sales revenue as a result of Plaintiff's work.  Since the majority of Defendant's business consists of sales to Terex and American Hydraulics, accounts that Plaintiff placed with Defendant and orders for products that Plaintiff solicited and sold, Defendant would not be in business at all without Plaintiff's hard work these last five years.

ANSWER:  As and for its response to the allegations in Paragraph 6 of the Complaint, Defendant admits that it has a customer by the name of Terex Corporation that operates a

manufacturing and warehouse facility located in Grand Rapids, Minnesota; Defendant affirmatively alleges upon information and belief that Terex Corporation has headquarters located in Westport, Connecticut. Defendant further admits that it has a customer that operates a parts manufacturing facility located in Red Oak, Iowa doing business as American Hydraulics; Defendant affirmatively alleges upon information and belief that American Hydraulics is owned by The Greenbrier Companies, Inc., with headquarters located in Lake Oswego, Oregon. Defendant denies the remaining allegations in Paragraph 6.

7.      The parties have operated on an oral agreement whereby Defendant has paid Plaintiff commissions between of varying percentages depending on the specific product sold, for all orders placed by Terex and American Hydraulics, which commissions were due to Plaintiff immediately upon placement of the order by the customer(s) and paid to Plaintiff on a monthly basis.

ANSWER:  As and for its response to the allegations in Paragraph 7 of the Complaint, Defendant admits that Defendant and Plaintiff have operated under an oral agreement whereby Defendant has paid commissions to Plaintiff for orders placed by Terex Corporation and American Hydraulics/The Greenbrier Companies, Inc.  Defendant affirmatively alleges that it has paid commissions to Plaintiff upon receipt of the customer's payment to Defendant, generally on a monthly basis, and that Plaintiff has not objected to that practice prior to this lawsuit. Defendant denies the remaining allegations in Paragraph 7.

8.      From January 1, 2012 through June 30, 2012, Plaintiff earned $115,002.60 in commissions, which averages to $19,167.00 per month. Plaintiff's work expended for the first half of 2012 promised to yield similar size orders for the remainder of the year had Defendant not summarily terminated the parties' sales representative agreement without notice or reason

and demanded that Plaintiff immediately cease all work on behalf of Defendant. Plaintiff expects that it would have continued to earn a minimum commission of $19,167.00 per month through the end of 2012.

ANSWER: As and for its response to the allegations in Paragraph 8 of the Complaint, Defendant admits that it paid approximately $115,000.00 in commissions to Plaintiff from January 1, 2012 through June 30, 2012. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's expectations regarding the level of commissions which Plaintiff expected to earn during the second half of 2012. Defendant affirmatively alleges that the forecasted customer demand for product during the second half of 2012 has declined due to reasons that are independent of and unrelated to any actual sales effort by Plaintiff. Defendant denies the remaining allegations in Paragraph 8.

9.      On or about Monday, July 2, 2012, Plaintiff received by mail a letter from Defendant's legal counsel stating that "the Company will no longer be needing your services" and purporting to terminate the parties' oral sales representative agreement "effective immediately." Attached hereto as Exhibit A is a true and correct copy of Defendant's Termination Letter dated June 29, 2012.

ANSWER: As and for its response to the allegations in Paragraph 9 of the Complaint, Defendant admits that Defendant's legal counsel sent a letter to Plaintiff dated June 29, 2012, the terms of which speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the date on which Plaintiff received this letter. Defendant affirmatively alleges that the Complaint served on its legal counsel in this matter did not include an Exhibit A. Defendant denies all remaining allegations in Paragraph 9 to the extent inconsistent with the language contained in the June 29, 2012 letter.

10.     The termination letter demanded that:

Effective immediately, MRO Industrial Sales ("MRO") will cease its representation of the Company [Carhart Halaska International, LLC] and all other work on the Company's behalf in all respects.   This prohibition specifically includes, but shall not be limited to, MRO's representation of the Company to any former or current clients of the Company, including, but not limited to Terex in Grand Rapids, Minnesota and American Hydraulics in Red Oak, Iowa.

ANSWER:  As and for its response to the allegations in Paragraph 10 of the Complaint, Defendant alleges that the terms of the June 29, 2012 letter speak for themselves, and Defendant denies each and every allegation in Paragraph 10 to the extent inconsistent with the June 29, 2012 letter.

11.     The letter further offered Plaintiff $24,000 as a "termination payment" in exchange for a one-year non-compete covenant and a full release of all claims.  Plaintiff refused Defendant's termination proposal but complied with Defendant's request that it immediately cease its representation of the Defendant and stop all work on Defendant's behalf.

ANSWER:  As and for its response to the allegations in Paragraph 11 of the Complaint, Defendant alleges that the terms of the June 29, 2012 letter speak for themselves, and Defendant denies each and every allegation in Paragraph 11 to the extent inconsistent with the June 29, 2012 letter.  Defendant admits that Plaintiff rejected various proposals set forth in the June 29, 2011 letter.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 11 regarding Plaintiff's cessation of representation activities on behalf of Defendant.

12.     Plaintiff has demanded payment of owed commissions and Defendant has refused to pay despite repeated demands.

ANSWER:  As and for its response to the allegations in Paragraph 12 of the Complaint, Defendant admits that Plaintiff has demanded payment of commissions but affirmatively alleges

that Plaintiff has demanded up-front payment in a dollar amount greater than what would be owed by Defendant to Plaintiff during the second half of 2012. Defendant denies that it has refused to pay commissions, and affirmatively alleges that it has offered to pay, and continues to pay, commissions to Plaintiff as Defendant receives payment from its customers, pursuant to the accepted practice in effect with Plaintiff prior to the commencement of this lawsuit.

**COUNT I**

**Violation of Minn. Stat. § 325E.37**

13.     Plaintiff restates and realleges the foregoing paragraphs.

ANSWER: As and for its response to the allegations in Paragraph 13 of the Complaint, Defendant restates and incorporates herein its responses to the allegations in Paragraphs 1 through 12.

14.     Plaintiff and Defendant entered into a "sales representative agreement," as that term is defined within Minn. Stat. § 325E.37, Minnesota's Sales Representative Act ("MSRA"), under which Plaintiff was granted the right to represent, sell, and offer for sale Defendant's products to customers, including Terex and American Hydraulics, and under which Plaintiff was and is to receive commissions on all sales of Defendant's products to the same.

ANSWER: As and for its answer to the allegations in Paragraph 14 of the Complaint, Defendant admits that it had an oral agreement with Plaintiff by which Plaintiff received commissions on sales of Defendant's products to certain customers of the Defendant. Defendant denies the remaining allegations in Paragraph 14.

15.     Defendant was and is precluded from terminating the parties' sales representative agreement absent "good cause" to do so, as that term is defined in Subd. 1 of the MSRA.

ANSWER:  Defendant denies the allegations in Paragraph 15 of the Complaint as setting forth a conclusion of law.

16.     Pursuant to Subd. 3 of the MSRA, Defendant was and is barred from failing to renew the parties' sales representative agreement unless Defendant provides to Plaintiff 180 days advance written notice of its intention not to renew the sales representative agreement.

ANSWER:  Defendant denies the allegations in Paragraph 16 of the Complaint as setting forth a conclusion of law.

17.     The MSRA provides that a sales representative agreement of indefinite duration, such as the one at issue in this case, shall be treated as if it were for a definite duration expiring 180 days after the giving of written notice of intention not to continue the agreement.

ANSWER:  Defendant denies the allegations in Paragraph 17 of the Complaint as setting forth a conclusion of law.

18.     At no time has Defendant had "good cause" to terminate the parties' sales representative agreement.  Prior to July 2, 2012, Plaintiff was not aware of any problem or issue between Plaintiff and Defendant related to Plaintiff's sales on behalf of Defendant.  Nonetheless, on or about July 2, 2012, Defendant purported to terminate the parties' sales representative agreement.

ANSWER:  As and for its answer to the allegations in Paragraph 18 of the Complaint, Defendant admits that its counsel sent a letter to Plaintiff on or about June 29, 2012, the terms of which speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's awareness of any problems or issues as alleged in Paragraph 18, but affirmatively alleges that Defendant's termination of the

arrangement with Plaintiff was not based on the "good cause" provisions of the MSRA. Defendant denies the remaining allegations in Paragraph 18.

19.     The MSRA provides that where a sales representative is paid by commission under a sales representative agreement and the agreement is terminated, the representative is entitled to be paid for all sales as to which the representative would have been entitled to commissions pursuant to the provisions of the sales representative agreement, made prior to the date of termination of the agreement, or the end of the notification period, whichever is later, regardless of whether the goods have been actually shipped, and that such payment of commissions due the sales representative shall be paid in accordance with the terms of the sales representative agreement.

ANSWER: Defendant denies the allegations in Paragraph 19 of the Complaint as setting forth a conclusion of law.

20.     As Defendant's unilateral termination of the parties' sales representative agreement was not for good cause, Minnesota law requires that Defendant pay commissions to Plaintiff on all sales as to which Plaintiff would have been entitled to until the end of the notification period, which in this case, is December 29, 2012 (180-days from Plaintiff's receipt of Defendant's written notice of its intent not to continue the agreement).

ANSWER: Defendant denies the allegations in Paragraph 20 of the Complaint as setting forth a conclusion of law.

21.     Defendant has violated the MSRA by demanding that Plaintiff immediately cease Plaintiff's representation of the Defendant and cease all work on the Defendant's behalf, and by failing to pay commissions to Plaintiff as required by law.

ANSWER:  Defendant denies the allegations in Paragraph 21 of the Complaint, and affirmatively alleges that it has continued to pay commissions to Plaintiff as Defendant receives payment from its customers, pursuant to its prior arrangement with Plaintiff.

22.    But for Defendant's actions, Plaintiff would have continued to solicit and place orders with customers, including Terex and American Hydraulics and would have been receiving commissions on said orders.

ANSWER:  Defendant denies the allegations in Paragraph 22 of the Complaint, and affirmatively alleges that any decrease in order activity from Defendant's customers during the second half of 2012 is due to factors unrelated to any alleged inability of Plaintiff to engage in sales activity on behalf of Defendant.

23.    As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered monetary damages, in an amount to be proven at trial, that exceed $75,000.

ANSWER:  Defendant denies the allegations in Paragraph 23 of the Complaint.

## COUNT II

### Breach of Contract

24.    Plaintiff restates and realleges the foregoing paragraphs.

ANSWER:  As and for its response to the allegations in Paragraph 24 of the Complaint, Defendant restates and incorporates herein its responses to the allegations in Paragraphs 1 through 23.

25.    Defendant and Plaintiff are parties to a sales representative agreement which requires Defendant to pay Plaintiff's commissions during the term of the agreement.  Pursuant to Minnesota law, the term of the parties' agreement does not expire until, at the earliest, 180-days from Plaintiff's receipt of Defendant's notice of its intent not to continue the parties' agreement, in this case December 29, 2012.

ANSWER:  As and for its response to the allegations in Paragraph 25 of the Complaint, Defendant admits that it had an oral arrangement with Plaintiff by which Defendant paid Plaintiff commissions with respect to certain sales to Defendant's customers.  Defendant denies the remaining allegations in Paragraph 25 as setting forth conclusions of law.

26.    On or about July 2, 2012, Defendant unilaterally terminated the parties' sales representative agreement in violation of Minnesota law by delivering to Plaintiff a termination letter instructing Plaintiff to "immediately" cease "all work on the Company's [Defendant's] behalf in all respects."  Defendant informed Plaintiff that "this prohibition specifically includes, but shall not be limited to, MRO's representation of the Company to any former or current clients of the Company, including but not limited to, Terex in Grand Rapids, Minnesota and American Hydraulics in Red Oak, Iowa."

ANSWER:  As and for its answer to Paragraph 26 of the Complaint, Defendant admits that its legal counsel sent a letter to Plaintiff on or about June 29, 2012, the terms of which speak for themselves.  Defendant denies remaining allegations in Paragraph 26.

27.    Defendant materially breached the parties' sales representative agreement by demanding that Plaintiff immediately cease all sale efforts and cease its representation of Defendant to any former or current client of Defendant, including but not limited to Terex and American Hydraulics.

ANSWER:  Defendant denies the allegations in Paragraph 27 of the Complaint.

28.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be proven at trial, in excess of $75,000.00.

ANSWER:  Defendant denies the allegations in Paragraph 28 of the Complaint.

## COUNT III

### Violation of Minn. Stat. § 181.145

29.     Plaintiff restates and realleges the foregoing paragraphs.

ANSWER:  As and for its response to the allegations in Paragraph 29 of the Complaint, Defendant restates and incorporates herein its responses to the allegations in Paragraphs 1 through 28.

30.     Plaintiff is a commission salesperson as defined under Minn. Stat. § 181.145.

ANSWER:  Defendant denies the allegations in Paragraph 30 as setting forth a conclusion of law.

31.     Minn. Stat. § 181.145 provides that a company that terminates a salesperson shall promptly pay the salesperson commissions earned through the last day of work or be liable to the salesperson, in addition to earned commissions, for a statutory penalty.

ANSWER:  Defendant denies the allegations in Paragraph 31 as setting forth a conclusion of law.

32.     Defendant has not paid Plaintiff for commissions due and owing.

ANSWER:  Defendant denies the allegations in Paragraph 32 of the Complaint, and affirmatively alleges that any payment due under Minn. Stat. § 181.145 would not be due until after the effective date of termination, which Plaintiff has alleged is not until the end of 2012.

33.     As a result, Plaintiff is entitled to receive the unpaid commissions, plus statutory penalties, plus its attorneys' fees in accordance with Minn. Slats §§ 181.145 and 181.171.

ANSWER:  Defendant denies the allegations in Paragraph 33 of the Complaint, and affirmatively alleges that it agreed to pay commissions to Plaintiff through the end of 2012 as they become due pursuant to the accepted practice in effect with Plaintiff prior to the

commencement of this lawsuit.

## GENERAL DENIAL

Except as admitted, qualified, or otherwise answered above, Defendant denies each and every allegation set forth in the Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff has failed to mitigate any damages actually sustained.

3.      Any damages actually sustained by Plaintiff are the results of acts and events that are outside the control of the Defendant.

WHEREFORE, Defendant requests entry of judgment in its favor and against the Plaintiff on all claims and causes of action asserted in the Complaint, and awarding Defendant its reasonable costs, disbursements and attorney's fees and such other appropriate relief as the Court deems just and equitable.

Dated this 10th day of October, 2012.

By:   s/David J. Edquist
      David J. Edquist
      MN State Bar No. 0123663
      von BRIESEN & ROPER, s.c.
      411 East Wisconsin Avenue, Suite 1000
      Milwaukee, WI 53202
      Phone - 414-287-1372
      FAX –  414-276-6281
      E-mail – dedquist@vonbriesen.com
      Attorneys for Defendant,
      Carhart-Halaska International, LLC

23308009_4.DOC